*In re* COMPLAINT AGAINST WILLIAM J RUNCO, No. 113567. Counsel for the Judicial Tenure Commission having represented at oral argument that, consistent with MCR 9.205(E), the commission must consider all circumstances, including equitable defenses, in deciding whether to take action, and further that the master is authorized to recommend dismissal at any time during the proceedings, the complaint for superintending control is dismissed. The stay of proceedings imposed by the order of March 18, 1999 is vacated. Motions by the Michigan Probate Judges Association and the Association of Black Judges of Michigan for leave to file briefs amici curiae are granted.

*Order Entered May 10, 1999:*

PROPOSED AMENDMENTS OF MCR 2.401, 2.403, 2.404, 3.216, 5.403; ADOPTION OF MCR 2.410, 2.411. On order of the Court, this is to advise that the Court is considering proposals submitted by the Michigan Supreme Court Dispute Resolution Task Force to amend MCR 2.401, 2.403, 2.404, 3.216, 5.403 and to adopt new rules MCR 2.410 and 2.411. Before determining whether the rule proposals should be adopted, changed before adoption, or rejected, this notice is given to afford any interested person the opportunity to comment on the form or the merits of the proposed amendments and new rules.

We welcome the views of all who wish to address the rule proposals or who wish to suggest alternatives. The Court is particularly interested in receiving comment on provisions of the proposed new rules which authorize courts to order parties to utilize a nonbinding alternative dispute resolution process.

The Michigan Supreme Court convened the Michigan Supreme Court Dispute Resolution Task Force in early 1998 to provide recommendations

for new and amended court rules, guidelines, standards, and proposed statutory amendments that would facilitate the integration of dispute resolution processes in the trial courts. The task force conveyed its report to the Michigan Supreme Court in January, 1999. Copies of the task force's report may be obtained from the State Court Administrative Office. We emphasize, however, that in this Order, the Supreme Court is addressing *only* the rule changes proposed by the task force.

As whenever this Court publishes an administrative proposal for comment, we emphasize that publication of this proposal does not mean that the Court will issue an order on the subject, nor does it imply probable adoption of the proposal in its present form.

SUBCHAPTER 2.400. PRETRIAL PROCEDURE; ALTERNATIVE DISPUTE RESOLUTION; ~~MEDIATION~~; OFFERS OF JUDGMENT; SETTLEMENTS.

RULE 2.401. PRETRIAL PROCEDURES; CONFERENCES; SCHEDULING ORDERS.

(A) Time; Discretion of Court. At any time after the commencement of the action, on its own initiative or the request of a party, the court may direct that the attorneys for the parties, alone or with the parties, appear for a conference. The court shall give reasonable notice of the scheduling of a conference. More than one conference may be held in an action.

(B) Early Scheduling Conference and Order.

(1) Early Scheduling Conference. The court may direct that an early scheduling conference be held. In addition to those considerations enumerated in subrule (C)(1), during this conference the court should:

(a) consider whether jurisdiction and venue are proper or whether the case is frivolous,

(b) refer the case to alternative dispute resolution if appropriate, either by agreement of the parties or, in the case of nonbinding alternative dispute resolution, pursuant to court order, and

(c)~~(b)~~ determine the complexity of a particular case and enter a scheduling order setting time limitations for the processing of the case and establishing dates when future actions should begin or be completed in the case.

(2) Scheduling Order.

(a) At an early scheduling conference under subrule (B)(1), a pretrial conference under subrule (C), or at such other time as the court concludes that such an order would facilitate the progress of the case, the court shall establish times for

(i) the initiation or completion of an ADR process,

(ii)~~(i)~~ the completion of discovery,

(iii)~~(ii)~~ the exchange of witness lists under subrule (I), and

(iv)~~(iii)~~ any other matters that the court may deem appropriate, including the amendment of pleadings, the adding of parties, the filing of motions, or the scheduling of mediation, case evaluation, or other ADR process, a pretrial conference, a settlement conference, or trial.

More than one such order may be entered in a case.

(b)-(c) [Unchanged.]

(C) Pretrial Conference; Scope.

(1) At a conference under this subrule, in addition to the matters listed subrule (B)(1), the court and the attorneys for the parties may consider any matters that will facilitate the fair and expeditious disposition of the action, including:

(a) the simplification of the issues;

(b) the amount of time necessary for discovery;

(c) the necessity or desirability of amendments to the pleadings;

(d) the possibility of obtaining admissions of fact and of documents to avoid unnecessary proof;

(e) the limitation of the number of expert witnesses;

(f) the consolidation of actions for trial, the separation of issues, and the order of trial when some issues are to be tried by a jury and some by the court;

(g) the possibility of settlement;

(h) whether mediation, case evaluation, or some other form of alternative dispute resolution would be appropriate for the case;

(i) the identity of the witnesses to testify at trial;

(j) the estimated length of trial;

(k) whether all claims arising out of the transaction or occurrence that is the subject matter of the action have been joined as required by MCR 2.203(A);

(l) other matters that may aid in the disposition of the action.

(2) Conference Order. If appropriate, the court shall enter an order incorporating agreements reached and decisions made at the conference.

(D)-(I) [Unchanged.]

RULE 2.403. ~~MEDIATION~~ CASE EVALUATION.

(A) Scope and Applicability of Rule

(1) A court may submit to ~~mediation~~ case evaluation any civil action in which the relief sought is primarily money damages or division of property. However, MCR 3.216 governs mediation of domestic relations actions.

(2) ~~Mediation~~ Case evaluation of tort cases filed in circuit court is mandatory beginning with actions filed after the effective dates of Chapters 49 and 49A of the Revised Judicature Act, as added by 1986 PA 178; however, the court may except an action from ~~mediation~~ case evaluation on motion for good cause shown if it finds that ~~mediation~~ case evaluation of that action would be inappropriate.

(3) Cases filed in district court may be submitted to ~~mediation~~ case evaluation under this rule. The time periods set forth in subrules (B)(1), (G)(1), (L)(1) and (L)(2) may be shortened at the discretion of the district judge to whom the case is assigned.

(B) Selection of Cases.

(1) The judge to whom an action is assigned or the chief judge may select it for ~~mediation~~ case evaluation by written order no earlier than 91 days after the filing of the answer

(a) on written stipulation by the parties,

(b) on written motion by a party or

(c) on the judge's own initiative.

(2) Selection of an action for ~~mediation~~ case evaluation has no effect on the normal progress of the action toward trial.

(C) Objections to ~~Mediation~~ Case Evaluation.

(1) To object to ~~mediation~~ case evaluation, a party must file a written motion to remove from ~~mediation~~ case evaluation and a notice of hearing of the motion and serve a copy on the attorneys of record and the ~~mediation~~ ADR clerk within 14 days after notice of the order assigning the action to ~~mediation~~ case evaluation. The motion must be set for hearing within 14 days after it is filed, unless the court orders otherwise.

(2) A timely motion must be heard before the case is submitted to ~~mediation~~ case evaluation.

(D) ~~Mediation~~ Case Evaluation Panel.

(1) ~~Mediation~~ Case evaluation panels shall be composed of 3 persons.

(2) The procedure for selecting ~~mediation~~ case evaluation panels is as provided in MCR 2.404.

(3) A judge may be selected as a member of a ~~mediation~~ case evaluation panel, but may not preside at the trial of any action in which he or she served as a ~~mediator~~ case evaluator.

(4) A ~~mediator~~ case evaluator may not be called as a witness at trial.

(E) Disqualification of ~~Mediators~~ Case Evaluators. The rule for disqualification of a ~~mediator~~ case evaluator is the same as that provided in MCR 2.003 for the disqualification of a judge.

(F) ~~Mediation~~ ADR Clerk. The court shall designate the clerk of the court, the court administrator, the assignment clerk, or some other person to serve as the ~~mediation~~ ADR clerk.

(G) Scheduling ~~Mediation~~ Case Evaluation Hearing.

(1) The ~~mediation~~ ADR clerk shall set a time and place for the hearing and send notice to the ~~mediators~~ case evaluators and the attorneys at least 42 days before the date set.

(2) Adjournments may be granted only for good cause, in accordance with MCR 2.503.

(H) Fees.

(1) Within 14 days after the mailing of the notice of the ~~mediation~~ case evaluation hearing, unless otherwise ordered by the court, each party must send to the ~~mediation~~ ADR clerk a check for $75 made payable in the manner specified in the notice of the ~~mediation~~ case evaluation hearing. However, if a judge is a member of the panel, the fee is $50. The ~~mediation~~ ADR clerk shall arrange payment to the ~~mediators~~ case evaluators. Except by stipulation and court order, the parties may not make any other payment of fees or expenses to the ~~mediators~~ case evaluators than that provided in this subrule.

(2) Only a single fee is required of each party, even where there are counterclaims, cross-claims, or third-party claims.

(3) If one claim is derivative of another (e.g., husband-wife, parent-child) they must be treated as a single claim, with one fee to be paid and a single award made by the ~~mediators~~ case evaluators.

(4) In the case of multiple injuries to members of a single family, the plaintiffs may elect to treat the action as involving one claim, with the payment of one fee and the rendering of one lump sum award to be accepted or rejected. If no such election is made, a separate fee must be paid for each plaintiff, and the ~~mediation~~ case evaluation panel will then make separate awards for each claim, which may be individually accepted or rejected.

(5) Fees paid pursuant to subrule (H) shall be refunded to the parties

(a) if the court sets aside the order submitting the case to ~~mediation~~ case evaluation or on its own initiative adjourns the ~~mediation~~ case evaluation hearing, or

(b) the parties notify the ~~mediation~~ ADR clerk in writing at least 14 days before the ~~mediation~~ case evaluation hearing of the settlement, dismissal, or entry of judgment disposing of the action, or of an order of adjournment on stipulation or the motion of a party.

In the case of an adjournment, the fees shall not be refunded if the adjournment order sets a new date for ~~mediation~~ case evaluation. If ~~mediation~~ case evaluation is rescheduled at a later time, the fee provisions of subrule (H) apply regardless of whether previously paid fees have been refunded. Penalties for late filing of papers under subrule (I)(2) are not to be refunded.

(I) Submission of Documents.

(1) At least 14 days before the hearing, each party shall file with the ~~mediation~~ ADR clerk 3 copies of documents pertaining to the issues to be mediated and 3 copies of a concise summary setting forth that party's factual and legal position on issues presented by the action, and shall serve one copy of the documents and summary on each attorney of record. A copy of a proof of service must be attached to the copies filed with the ~~mediation~~ ADR clerk.

(2) Failure to file the required materials with the ~~mediation~~ ADR clerk or to serve copies on each attorney of record by the required date subjects the offending attorney or party to a $150 penalty to be paid in the manner specified in the notice of the ~~mediation~~ case evaluation hearing. An offending attorney shall not charge the penalty to the client, unless the client agreed in writing to be responsible for the penalty.

(J) Conduct of Hearing.

(1) A party has the right, but is not required, to attend a ~~mediation~~ case evaluation hearing. If scars, disfigurement or other unusual conditions exist, they may be demonstrated to the panel by a personal appearance; however, no testimony will be taken or permitted of any party.

(2) The rules of evidence do not apply before the ~~mediation~~ case evaluation panel. Factual information having a bearing on damages or liability must be supported by documentary evidence, if possible.

(3) Oral presentation shall be limited to 15 minutes per side unless multiple parties or unusual circumstances warrant additional time. Information on applicable insurance policy limits and settlement negotiations shall be disclosed at the request of the ~~mediation~~ case evaluation panel.

(4) Statements by the attorneys and the briefs or summaries are not admissible in any court or evidentiary proceeding.

(5) Counsel or the parties may not engage in ex parte communications with the ~~mediators~~ case evaluators concerning the action prior to the hearing. After the evaluation, the ~~mediators~~ case evaluators need not respond to inquiries by the parties or counsel regarding the proceeding or the evaluation.

(K) [Unchanged.]

(L) Acceptance or Rejection of Evaluation.

(1) Each party shall file a written acceptance or rejection of the panel's evaluation with the ~~mediation~~ ADR clerk within 28 days after service of the panel's evaluation. Even if there are separate awards on multiple claims, the party must either accept or reject the evaluation in its entirety as to a particular opposing party. The failure to file a written acceptance or rejection within 28 days constitutes rejection.

(2) There may be no disclosure of a party's acceptance or rejection of the panel's evaluation until the expiration of the 28-day period, at which time the ~~mediation~~ ADR clerk shall send a notice indicating each party's acceptance or rejection of the panel's evaluation.

(3) In ~~mediations~~ case evaluations involving multiple parties, the following rules apply:

(a) Each party has the option of accepting all of the awards covering the claims by or against that party or of accepting some and rejecting others. However, as to any particular opposing party, the party must either accept or reject the evaluation in its entirety.

(b) A party who accepts all of the awards may specifically indicate that he or she intends the acceptance to be effective only if

(i) all opposing parties accept, and/or

(ii) the opposing parties accept as to specified coparties.

If such a limitation is not included in the acceptance, an accepting party is deemed to have agreed to entry of judgment, or dismissal as provided in subrule (M)(1), as to that party and those of the opposing parties who accept, with the action to continue between the accepting party and those opposing parties who reject.

(c) If a party makes a limited acceptance under subrule (L)(3)(b) and some of the opposing parties accept and others reject, for the purposes of the cost provisions of subrule (O) the party who made the limited acceptance is deemed to have rejected as to those opposing parties who accept.

(M) [Unchanged.]

(N) Proceedings After Rejection.

(1) If all or part of the evaluation of the ~~mediation~~ case evaluation panel is rejected, the action proceeds to trial in the normal fashion.

(2) If a party's claim or defense was found to be frivolous under subrule (K)(4), that party may request that the court review the panel's finding by filing a motion within 14 days after the ~~mediation~~ ADR clerk sends notice of the rejection of the ~~mediation~~ case evaluation award.

(a) The motion shall be submitted to the court on the ~~mediation~~ case evaluation summaries and documents that were considered by the ~~media-~~

~~tion~~ case evaluation panel. No other exhibits or testimony may be submitted. However, oral argument on the motion shall be permitted.

(b) After reviewing the materials submitted, the court shall determine whether the action or defense is frivolous.

(c) If the court agrees with the panel's determination, the provisions of subrule (N)(3) apply, except that the bond must be filed within 28 days after the entry of the court's order determining the action or defense to be frivolous.

(d) The judge who hears a motion under this subrule may not preside at a nonjury trial of the action.

(3) Except as provided in subrule (2), if a party's claim or defense was found to be frivolous under subrule (K)(4), that party shall post a cash or surety bond, pursuant to MCR 3.604, in the amount of $5,000 for each party against whom the action or defense was determined to be frivolous.

(a) The bond must be posted within 56 days after the ~~mediation~~ case evaluation hearing or at least 14 days before trial, whichever is earlier.

(b) If a surety bond is filed, an insurance company that insures the defendant against a claim made in the action may not act as the surety.

(c) If the bond is not posted as required by this rule, the court shall dismiss a claim found to have been frivolous, and enter the default of a defendant whose defense was found to be frivolous. The action shall proceed to trial as to the remaining claims and parties, and as to the amount of damages against a defendant in default.

(d) If judgment is entered against the party who posted the bond, the bond shall be used to pay any costs awarded against that party by the court under any applicable law or court rule. MCR 3.604 applies to proceedings to enforce the bond.

(4) The ~~mediation~~ ADR clerk shall place a copy of the ~~mediation~~ case evaluation and the parties' acceptances and rejections in a sealed envelope for filing with the clerk of the court. In a nonjury action, the envelope may not be opened and the parties may not reveal the amount of the evaluation until the judge has rendered judgment.

(O) Rejecting Party's Liability for Costs.

(1) If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the ~~mediation~~ case evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the ~~mediation~~ case evaluation.

(2) For the purpose of this rule "verdict" includes,

(a) a jury verdict;

(b) a judgment by the court after a nonjury trial,

(c) a judgment entered as a result of a ruling on a motion after rejection of the ~~mediation~~ case evaluation.

(3) For the purpose of subrule (O)(1), a verdict must be adjusted by adding to it assessable costs and interest on the amount of the verdict from the filing of the complaint to the date of the ~~mediation~~ case evaluation, and, if applicable, by making the adjustment of future damages as

provided by MCL 600.6306; MSA 27A.6306. After this adjustment, the verdict is considered more favorable to a defendant if it is more than 10 percent below the evaluation, and is considered more favorable to the plaintiff if it is more than 10 percent above the evaluation. If the evaluation was zero, a verdict finding that a defendant is not liable to the plaintiff shall be deemed more favorable to the defendant.

(4) In cases involving multiple parties, the following rules apply:.

(a) Except as provided in subrule (O)(4)(b), in determining whether the verdict is more favorable to a party than the mediation case evaluation, the court shall consider only the amount of the evaluation and verdict as to the particular pair of parties, rather than the aggregate evaluation or verdict as to all parties. However, costs may not be imposed on a plaintiff who obtains an aggregate verdict more favorable to the plaintiff than the aggregate evaluation.

(b) If the verdict against more than one defendant is based on their joint and several liability, the plaintiff may not recover costs unless the verdict is more favorable to the plaintiff than the total mediation case evaluation as to those defendants, and a defendant may not recover costs unless the verdict is more favorable to that defendant than the mediation case evaluation as to that defendant.

(c) Except as provided by subrule (O)(10), in a personal injury action, for the purpose of subrule (O)(1), the verdict against a particular defendant shall not be adjusted by applying that defendant's proportion of fault as determined under MCL 600.6304(1)-(2); MSA 27A.6304(1)-(2).

(5) If the verdict awards equitable relief, costs may be awarded if the court determines that

(a) taking into account both monetary relief (adjusted as provided in subrule [O][3]) and equitable relief, the verdict is not more favorable to the rejecting party than the evaluation, and

(b) it is fair to award costs under all of the circumstances.

(6) For the purpose of this rule, actual costs are

(a) those costs taxable in any civil action, and

(b) a reasonable attorney fee based on a reasonable hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the mediation case evaluation.

For the purpose of determining taxable costs under this subrule and under MCR 2.625, the party entitled to recover actual costs under this rule shall be considered the prevailing party.

(7) Costs shall not be awarded if the mediation case evaluation award was not unanimous.

(8) A request for costs under this subrule must be filed and served within 28 days after the entry of the judgment or entry of an order denying a timely motion for a new trial or to set aside the judgment.

(9) In an action under MCL 436.22; MSA 18.993, if the plaintiff rejects the award against the minor or alleged intoxicated person, or is deemed to have rejected such an award under subrule (L)(3)(c), the court shall not award costs against the plaintiff in favor of the minor or alleged intox-

icated person unless it finds that the rejection was not motivated by the need to comply with MCL 436.22(6); MSA 18.993(6).

(10) In an action filed on or after March 28, 1996, for the purpose of subrule (O)(1), a verdict awarding damages for personal injury, property damage, or wrongful death shall be adjusted for relative fault as provided by MCL 600.6304; MSA 27A.6304.

(11) If the "verdict" is the result of a motion as provided by subrule (O)(2)(c), the court may, in the interest of justice, refuse to award actual costs.

RULE 2.404. SELECTION OF ~~MEDIATION~~ CASE EVALUATION PANELS.

(A) ~~Mediator~~ Case Evaluator Selection Plans.

(1) Requirement. Each trial court that submits cases to ~~mediation~~ case evaluation under MCR 2.403 shall adopt by local administrative order a plan to maintain a list of persons available to serve as ~~mediators~~ case evaluators and to assign ~~mediators~~ case evaluators from the list to panels. The plan must be in writing and available to the public in the ~~mediation~~ ADR clerk's office.

(2) Alternative Plans.

(a) A plan adopted by a district or probate court may use the list of ~~mediators~~ case evaluators and appointment procedure of the circuit court for the circuit in which the court is located.

(b) Courts in adjoining circuits or districts may jointly adopt and administer a ~~mediation~~ case evaluation plan.

(c) If it is not feasible for a court to adopt its own plan because of the low volume of cases to be submitted or because of inadequate numbers of available ~~mediators~~ case evaluators, the court may enter into an agreement with a neighboring court to refer cases for ~~mediation~~ case evaluation under the other court's system. The agreement may provide for payment by the referring court to cover the cost of administering ~~mediation~~ case evaluation. However, fees and costs may not be assessed against the parties to actions ~~mediated~~ evaluated except as provided by MCR 2.403.

(d) Other alternative plans must be submitted as local court rules under MCR 8.112(A).

(B) Lists of ~~Mediators~~ Case Evaluators.

(1) Application. An eligible person desiring to serve as a ~~mediator~~ case evaluator may apply to the ~~mediation~~ ADR clerk to be placed on the list of ~~mediators~~ case evaluators. Application forms shall be available in the office of the ~~mediation~~ ADR clerk. The form shall include an optional section identifying the applicant's gender and racial/ethnic background. The form shall include a certification that

(a) the ~~mediator~~ case evaluator meets the requirements for service under the court's selection plan, and

(b) the ~~mediator~~ case evaluator will not discriminate against parties, attorneys, or other ~~mediators~~ case evaluators on the basis of race, ethnic origin, gender, or other protected personal characteristic.

(2) Eligibility. To be eligible to serve as a ~~mediator~~ case evaluator, a person must meet the qualifications provided by this subrule.

(a) The applicant must have been a practicing lawyer for at least 5 years and be a member in good standing of the State Bar of Michigan. The plan may not require membership in any other organization as a qualification for service as a ~~mediator~~ case evaluator.

(b) An applicant must reside, maintain an office, or have an active practice in the jurisdiction for which the list of ~~mediators~~ case evaluators is compiled.

(c) An applicant must demonstrate that a substantial portion of the applicant's practice for the last 5 years has been devoted to civil litigation matters, including investigation, discovery, motion practice, ~~mediation~~ case evaluation, settlement, trial preparation, and/or trial.

(d) If separate sublists are maintained for specific types of cases, the applicant must have had an active practice in the practice area for which the ~~mediator~~ case evaluator is listed for at least the last 3 years.

If there are insufficient numbers of potential ~~mediators~~ case evaluators meeting the qualifications stated in this rule, the plan may provide for consideration of alternative qualifications.

(3) Review of Applications. The plan shall provide for a person or committee to review applications annually, or more frequently if appropriate, and compile one or more lists of qualified ~~mediators~~ case evaluators. Persons meeting the qualifications specified in this rule shall be placed on the list of approved ~~mediators~~ case evaluators. Selections shall be made without regard to race, ethnic origin, or gender.

(a) If an individual performs this review function, the person must be an employee of the court.

(b) If a committee performs this review function, the following provisions apply.

(i) The committee must have at least three members.

(ii) The selection of committee members shall be designed to assure that the goals stated in subrule (D)(2) will be met.

(iii) A person may not serve on the committee more than 3 years in any 9-year period.

(c) Applicants who are not placed on the ~~mediator~~ case evaluator list or lists shall be notified of that decision. The plan shall provide a procedure by which such an applicant may seek reconsideration of the decision by some other person or committee. The plan need not provide for a hearing of any kind as part of the reconsideration process. Documents considered in the initial review process shall be retained for at least the period of time during which the applicant can seek reconsideration of the original decision.

(4) Specialized Lists. If the number and qualifications of available ~~mediators~~ case evaluators makes it practicable to do so, the ~~mediation~~ ADR clerk shall maintain

(a) separate lists for various types of cases, and,

(b) where appropriate for the type of cases, separate sublists of ~~mediators~~ case evaluators who primarily represent plaintiffs, primarily represent defendants, and neutral ~~mediators~~ case evaluators whose practices are not identifiable as representing primarily plaintiffs or defendants.

(5) Reapplication. Persons shall be placed on the list of ~~mediators~~ case evaluators for a fixed period of time, not to exceed 5 years, and must reapply at the end of that time in the same manner as persons seeking to be added to the list.

(6) Availability of Lists. The list of ~~mediators~~ case evaluators must be available to the public in the ~~mediation~~ ADR clerk's office.

(7) Removal From List. The plan must include a procedure for removal from the list of ~~mediators~~ case evaluators who have demonstrated incompetency, bias, made themselves consistently unavailable to serve as a ~~mediator~~ case evaluator or for other just cause.

(8) The court may require ~~mediators~~ case evaluators to attend orientation or training sessions or provide written materials explaining the ~~mediation~~ case evaluation process and the operation of the court's ~~mediation~~ case evaluation program. However, ~~mediators~~ case evaluators may not be charged any fees or costs for such programs or materials.

(C) Assignments to Panels.

(1) Method of Assignment. The ~~mediation~~ ADR clerk shall assign ~~mediators~~ case evaluators to panels in a random or rotating manner that assures as nearly as possible that each ~~mediator~~ case evaluator on a list or sublist is assigned approximately the same number of cases over a period of time. If a substitute ~~mediator~~ case evaluator must be assigned, the same or similar assignment procedure shall be used to select the substitute. The ~~mediation~~ ADR clerk shall maintain records of service of ~~mediators~~ case evaluators on panels and shall make those records available on request.

(2) Assignment From Sublists. If sublists of plaintiff, defense, and neutral ~~mediators~~ case evaluators are maintained for a particular type of case, the panel shall include one ~~mediator~~ case evaluator who primarily represents plaintiffs, one ~~mediator~~ case evaluator who primarily represents defendants, and one neutral ~~mediator~~ case evaluator. If a judge is assigned to a panel as permitted by MCR 2.403(D)(3), the judge shall serve as the neutral ~~mediator~~ case evaluator if sublists are maintained for that class of cases.

(3) Special Panels. On stipulation of the parties, the court may appoint a panel selected by the parties. In such a case, the qualification requirements of subrule (B)(2) do not apply, and the parties may agree to modification of the procedures for conduct of ~~mediation~~ case evaluation. Nothing in this rule or MCR 2.403 precludes parties from stipulating to other ADR procedures ~~similar to mediation~~ that may aid in resolution of the case.

(D) Supervision of Selection Process.

(1) The chief judge shall exercise general supervision over the implementation of this rule and shall review the operation of the court's ~~mediation~~ case evaluation plan at least annually to assure compliance with this rule. In the event of noncompliance, the court shall take such action as is needed. This action may include recruiting persons to serve as ~~mediators~~ case evaluators or changing the court's ~~mediation~~ case evaluation plan. The court shall submit an annual report to the State Court Administrator

on the operation of the court's ~~mediation~~ case evaluation program on a form provided by the State Court Administrator.

(2) In implementing the selection plan, the court, court employees, and attorneys involved in the procedure shall take all steps necessary to assure that as far as reasonably possible the list of ~~mediators~~ case evaluators fairly reflects the racial, ethnic, and gender diversity of the members of the state bar in the jurisdiction for which the list is compiled who are eligible to serve as ~~mediators~~ case evaluators.

RULE 2.410. ALTERNATIVE DISPUTE RESOLUTION *(NEW)*.

(A) Scope and Applicability of Rule. All civil cases are subject to Alternative Dispute Resolution (ADR) processes unless otherwise provided by statute or court rule. Mediation of domestic relations actions is governed by MCR 3.216.

(B) Definitions. The following terms shall have the meanings set forth in this rule in applying and construing these rules with regard to ADR proceedings. The terms are not meant to restrict or limit the use of other ADR processes created by agreement of the parties.

(1) Alternative dispute resolution (ADR): Includes any process designed to resolve a legal dispute in the place of court adjudication.

(2) ADR Provider: An individual or organization providing an ADR process. An individual ADR provider may be required to satisfy training and continuing education requirements as set forth in MCR 2.411.

(3) Arbitration: A forum in which each party and its counsel present its position before a neutral third party, who renders a specific award. If the parties stipulate in advance, the award is binding and is enforceable in the same manner as any contractual obligation. If the parties do not stipulate that the award is binding, the award is not binding, and a request for trial de novo may be made.

(4) Consensual Special Magistrate: A forum in which a dispute is presented to a neutral third party in the same manner as a civil lawsuit is presented to a judge. This process is binding and precludes the right of appeal.

(5) Moderated Settlement Conference: A forum in which each party and the party's counsel present their position before a neutral or panel of neutral third parties. The panel may issue a nonbinding advisory opinion regarding liability, damages, or both.

(6) Summary Jury Trial: A forum in which each party and the party's counsel present a summary of their position before a panel of jurors. The number of jurors on the panel is six unless the parties agree otherwise. The panel may issue a nonbinding advisory opinion regarding liability, damages, or both.

(7) Early Neutral Evaluation: A forum in which attorneys present the core of the dispute to a neutral evaluator in the presence of the parties. This occurs after the case is filed, but before discovery is conducted. The neutral evaluator then gives a candid nonbinding assessment of the strengths and weaknesses of the case. If settlement does not result, the neutral evaluator helps narrow the dispute and suggests guidelines for managing discovery.

(8) Neutral Fact Finding: A forum in which a dispute, frequently one involving complex or technical issues, is investigated and analyzed by an agreed-upon neutral fact finder who issues findings and a nonbinding report or recommendation.

(9) Case Evaluation: A forum in which attorneys present the core of the dispute to a panel of attorneys as described in MCR 2.403.

(10) Minitrial: A forum in which each party and the party's minitrial counsel present their opinion, either before a selected representative for each party, before a neutral third party, or both to define the issues and develop a basis for realistic settlement negotiations. A neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding unless the parties agree that it is binding and enter into a written settlement agreement.

(11) Mediation-Arbitration (Med-Arb): A hybrid of mediation and arbitration in which the parties initially mediate their disputes; but, if impasse is reached, remaining issues are arbitrated and the results of arbitration are binding on the parties unless otherwise agreed.

(12) Mediation: A forum in which a neutral third party facilitates communication between parties, assists in identifying issues, and helps explore solutions to promote a mutually acceptable settlement, and otherwise meets the requirements of MCR 2.411. A mediator has no authoritative decision-making power.

(C) ADR Clerk. The court shall designate the clerk of the court, the court administrator, the assignment clerk, or some other person to serve as the ADR clerk.

(D) Notice of ADR Processes. The court shall provide parties with information about available ADR processes as soon as reasonably practical. The information may include a list of ADR service providers.

(E) Selection of ADR Process.

(1) As soon as reasonably practical, the scheduling of a nonbinding ADR process under this subrule may be made after consultation with all parties.

(2) If the parties cannot agree on an ADR process, or if the court does not approve of the parties' selection of an ADR process, the court may order the parties to utilize a nonbinding ADR process, or may find that ADR is not appropriate.

(3) The court's order shall designate the ADR process selected and the deadline for initiating the procedure. If ADR is determined to be inappropriate, the order shall so indicate.

(4) Upon motion by any party, or on its own initiative, the court may, at any time, issue an order for parties to participate in any nonbinding ADR process.

(5) A party may move, within 15 days after entry of an order to a nonbinding ADR process, to waive participation in the ADR process for good cause shown.

(F) Selection of ADR Provider.

(1) As soon as reasonably practical after the selection of an ADR process, parties shall select an ADR provider. If the parties are unable to

agree on an ADR provider, the court shall appoint one from an approved list of ADR providers after consultation with all parties.

(2) The procedure for selecting an ADR provider from an approved list of ADR providers must be established by local administrative order adopted pursuant to MCR 8.112(B). A judge may be selected, but may not receive any payment and may not be the judge assigned the case. The rule for disqualification is the same as that provided in MCR 2.003 for the disqualification of a judge.

(3) The selection of ADR providers serving as case evaluators pursuant to MCR 2.403 is governed by MCR 2.404.

(G) Time and Place of Proceedings. Upon receipt of the court's order, the ADR provider shall promptly work with the attorneys and parties to schedule the ADR process in accordance with the order. Factors that may be considered in arranging the process may include the need for limited discovery before the process, the number of parties and issues, and the necessity for multiple sessions.

(H) Final Disposition. If the case is settled through an ADR process, the attorneys shall complete the appropriate court documents to conclude the case (i.e., stipulation and order to dismiss, consent judgment, or other documents). Within 10 days of the completion of the ADR process, the ADR provider shall advise the court, stating only who participated in the process, whether settlement was reached, and whether further ADR proceedings are contemplated.

(I) Attendance at ADR Proceedings.

(1) Appearance of Counsel. The attorneys attending an ADR proceeding shall be thoroughly familiar with the case and have the authority necessary to fully participate in the proceeding. The court may direct that the attorneys who intend to try the case attend ADR proceedings.

(2) Presence of Parties. The court may direct that persons with authority to settle a case, including the parties to the action, agents of parties, representatives of lien holders, or representatives of insurance carriers:

(a) be present at the ADR proceeding;

(b) be immediately available at the time of the proceeding. The court's order may specify whether the availability is to be in person or by telephone.

(3) Failure to Attend; Default; Dismissal.

(a) Failure of a party or the party's attorney to attend a scheduled ADR proceeding, as directed by the court, constitutes a default to which MCR 2.603 is applicable or grounds for dismissal under MCR 2.504(B).

(b) The court shall excuse the failure of a party or the party's attorney to attend an ADR proceeding, and enter an order other than one of default or dismissal, if the court finds that

(i) entry of an order of default or dismissal would cause manifest injustice; or

(ii) the failure to attend was not due to the culpable negligence of the party or the attorney.

The court may condition the order on the payment by the offending party or attorney of reasonable expenses as provided in MCR 2.313(B)(2).

(J) Fees.

(1) An ADR provider is entitled to reasonable compensation based on an hourly rate commensurate with the ADR provider's experience and usual charges for services performed. ADR providers shall disclose their hourly rate on any lists of ADR providers made available to the public by courts or the State Court Administrative Office.

(2) The parties shall divide the costs of an ADR process on a pro-rata basis unless otherwise agreed by the parties. The ADR provider's fee shall be paid no later than

(a) 45 days after the ADR process is concluded, or

(b) the entry of judgment, or

(c) the dismissal of the action, whichever occurs first.

(3) If acceptable to the ADR provider, the court may order an arrangement for the payment of the ADR provider's fee other than that provided in subrule (J)(2).

(4) If a party qualifies for waiver of filing fees under MCR 2.002 or the court determines on other grounds that the party is unable to pay for an ADR provider's services, and free or low-cost dispute resolution services are not available, the court shall not order that party to participate in an ADR process.

(5) The ADR provider's fee is deemed a cost of the action, and the court may make an appropriate judgment to enforce the payment of the fee.

(6) In the event either party objects to the total fee of the ADR provider, the matter may be scheduled before the trial judge for determination of the reasonableness of the fee.

(K) Confidentiality. Statements made during the ADR process, including statements made in briefs or other written submissions, may not be used in any other proceedings, including trial, unless the statement was quoting admissible evidence.

RULE 2.411. QUALIFICATION OF ADR PROVIDERS; STANDARDS OF CONDUCT (NEW).

(A) Approval and Retention of ADR Providers.

(1) Requirement. Each trial court that submits cases to ADR processes under MCR 2.410 shall adopt by local administrative order an ADR plan to maintain a list of persons available to serve as ADR providers and to assign ADR providers from the list.

(a) Plans incorporating the selection of ADR providers not serving as mediators must include provisions governing the qualifications of nonmediator ADR providers.

(b) The plan must be in writing and available to the public in the ADR clerk's office.

(c) The selection of ADR providers serving as case evaluators pursuant to MCR 2.403 is governed by MCR 2.404. The selection of ADR providers serving as domestic relations mediators is governed by MCR 3.216.

(2) ADR Provider Application. An eligible person desiring to serve as an ADR provider may apply to the ADR clerk to be placed on the list of ADR providers. Application forms shall be available in the office of the

ADR clerk. The form shall include an optional section identifying the applicant's gender and racial/ethnic background. The form shall include a certification that

(a) the ADR provider meets the requirements for service under the court's selection plan, and

(b) the ADR provider will not discriminate against parties or attorneys on the basis of race, ethnic origin, gender, or other protected personal characteristic.

(3) Review of ADR Provider Applications. The plan shall provide for a person or committee to review applications annually, or more frequently if appropriate, and compile a list of qualified ADR providers.

(a) Persons meeting the qualifications specified in this rule shall be placed on the list of approved ADR providers. Selections shall be made without regard to race, ethnic origin, or gender. Residency or principal place of business may not be a qualification. Applications of approved ADR providers shall be available to the public in the office of the ADR clerk.

(b) Applicants who are not placed on the ADR provider list shall be notified of that decision. Within 21 days of notification of the decision to reject an application, the applicant may seek reconsideration of the ADR clerk's decision by the Chief Judge. The court does not need to provide a hearing. Documents considered in the initial review process shall be retained for at least the period during which the applicant can seek reconsideration of the original decision.

(4) Reapplication. Persons shall be placed on the list of ADR providers for a fixed period, not to exceed 5 years, and must reapply at the end of that time in the same manner as persons seeking to be added to the list.

(5) Removal From List. The ADR clerk shall remove from the list any ADR providers who have demonstrated incompetency, bias, made themselves consistently unavailable to serve as an ADR provider, or for other just cause. Within 21 days of notification of the decision to remove an ADR provider from the list, the ADR provider may seek reconsideration of the ADR clerk's decision by the Chief Judge. The court does not need to provide a hearing.

(B) Supervision of the ADR Provider Selection Process.

(1) The chief judge shall exercise general supervision over the implementation of this rule and shall review the operation of the court's ADR plan at least annually to assure compliance with this rule. In the event of noncompliance, the court shall take such action as is needed. This action may include recruiting persons to serve as ADR providers or changing the court's ADR plan.

(2) In implementing the ADR provider plan, the court, court employees, and attorneys involved in the procedure shall take all steps necessary to assure that as far as reasonably possible the list of ADR providers fairly reflects the racial, ethnic, and gender diversity of the members of the state bar in the jurisdiction for which the list is compiled who are eligible to serve as ADR providers.

(C) Qualification of Mediators.

(1) Small Claims Mediation. District courts may develop individual plans to establish qualifications for persons serving as mediators in small claims cases.

(2) General Civil Mediation. To be eligible to serve as general civil mediator, a person must meet the following minimum qualifications:

(a) Complete a training program approved by the State Court Administrator that contains the following components of mediation skills:

(i) information gathering

(ii) mediator relationship skills

(iii) communication skills

(iv) problem-solving skills

(v) conflict-management skills

(vi) ethics

(vii) professional skills

(viii) working with lawyers in mediation

(b) Have one or more of the following:

(i) Juris doctor degree or graduate degree in conflict resolution; or

(ii) 40 hours of mediation experience over two years, including mediation, co-mediation, observation, and role-playing in the context of mediation.

(c) Observe two general civil mediation proceedings conducted by an approved mediator, and conduct one general civil mediation to conclusion under the supervision and observation of an approved mediator.

(3) Approved mediators are required to obtain 8 hours of advanced mediation training during each 2-year period.

(4) If an applicant has specialized experience or training, but does not specifically meet the requirements set forth above, the applicant may apply to the ADR clerk for special approval. The ADR clerk shall make a determination on the basis of criteria provided by the State Court Administrator. Service as a case evaluator pursuant to MCR 2.403 shall not count as meeting qualifications to serve as a mediator under this section.

(5) Additional qualifications may not be imposed upon mediators.

(D) Party Stipulation to Mediators and Other ADR Providers. The parties may stipulate to use any mediator or other ADR provider, whether or not they are deemed qualified under MCR 2.411.

(E) Qualification of Other ADR Providers. The State Court Administrative Office may establish qualifications for ADR providers not serving as mediators.

(F) Standards of Conduct for Mediators.

(1) Introduction. These standards of conduct apply to all persons who act as a mediator pursuant to the dispute-resolution programs of the court. They are designed to promote honesty, integrity, and impartiality in providing court-connected dispute-resolution services. These standards shall be made a part of all training and educational requirements for court-connected programs, shall be provided to all mediators involved in court-connected programs and shall be available to the public.

(2) Self-Determination. A mediator shall recognize that mediation is based upon the principle of self-determination by the parties. This principle requires that the mediation process rely upon the ability of the parties to reach a voluntary, uncoerced agreement.

(3) Impartiality. A mediator shall conduct the mediation in an impartial manner. The concept of mediator impartiality is central to the mediation process. A mediator shall mediate only those matters in which it is possible to remain impartial and even-handed. If at any time the mediator is unable to conduct the process in an impartial manner, the mediator is obligated to withdraw.

(4) Conflict of Interest.

(a) A conflict of interest is a dealing or relationship that might create an impression of possible bias or could reasonably be seen as raising a question about impartiality. A mediator shall disclose all actual and potential conflicts of interest reasonably known to the mediator. After disclosure, the mediator shall decline to mediate unless all parties choose to retain the mediator. If all parties agree to mediate after being informed of conflicts, the mediator may proceed with the mediation unless the conflict of interest casts serious doubts on the integrity of the process, in which case the mediator shall decline to proceed.

(b) The need to protect against conflicts of interest also governs conduct that occurs during and after the mediation. A mediator must avoid the appearance of conflict of interest both during and after the mediation. Without the consent of all parties, a mediator shall not subsequently establish a professional relationship with one of the parties in a related matter, or in an unrelated matter under circumstances that would raise legitimate questions about the integrity of the mediation process. A mediator shall not establish a personal or intimate relationship with any of the parties that would raise legitimate questions about the integrity of the mediation process.

(5) Competence. A mediator shall mediate only when the mediator has the necessary qualifications to satisfy the reasonable expectations of the parties. Mediators appointed or recommended by the court are required to have the training and experience specified by the court.

(6) Confidentiality. A mediator shall maintain the reasonable expectations of the parties with regard to confidentiality. Any information relating to a mediation obtained by the mediator, whether such communication or materials are oral or written, is privileged and confidential and shall not be publicly disclosed without the written consent of all parties. The mediator, the parties, and their counsel each has a qualified privilege during and after these proceedings to refuse to disclose and to prevent the mediator from disclosing materials and communications made during the mediation proceeding, whether or not the dispute was successfully resolved, except for the following:

(a) public information or information available through other legitimate sources;

(b) information concerning any conduct of the mediator alleged to constitute a violation of these standards, or the conduct of any counsel

alleged to constitute a violation of the Rules of Professional Conduct, which may be reported to the appropriate disciplinary body;

(c) a report by the mediator to the court limited to identifying who participated in the ADR process, whether settlement was reached, and whether further ADR proceedings are contemplated; and

(d) data for use by court personnel reasonably required to administer and evaluate the dispute resolution program.

(7) Quality of the Process. A mediator shall conduct the mediation fairly and diligently. A mediator shall work to ensure a quality process and to encourage mutual respect among the parties. A quality process requires a commitment by the mediator to diligence and procedural fairness. There should be adequate opportunity for each party in the mediation to participate in the discussions. The parties decide when and under what conditions they will reach an agreement or terminate a mediation.

(8) Advertising and Solicitation. A mediator shall be truthful in advertising and solicitation for mediation. Advertising or any other communication with the public concerning services offered or regarding the education training and expertise of the mediator shall be truthful. Mediators shall refrain from promises and guarantees of results.

(9) Fees. A mediator shall fully disclose and explain the basis of compensation, fees, and charges to the parties. The parties should be provided sufficient information about fees at the outset of a mediation to determine if they wish to retain the services of a mediator or to object to mediation. Any fees charged by a mediator shall be reasonable, considering, among other things, the mediation services, the type and complexity of the matter, the expertise of the mediator, the time required, and the rates customary to the community. The mediator's fee arrangement shall be reduced to writing before proceeding with the mediation.

(10) Obligations to the Mediation Process. Mediators have a duty to improve the practice of mediation by helping educate the public about mediation, making mediation accessible to those who would like to use it, correcting abuses, and improving their professional skills and abilities.

(G) Standards of Conduct for Other ADR Providers. The State Court Administrative Office may adopt Standards of Conduct for ADR providers not serving as mediators.

SUBCHAPTER 3.200. DOMESTIC RELATIONS ACTIONS.

RULE 3.216. DOMESTIC RELATIONS MEDIATION.
[Staff Comment: This rule is completely rewritten.]

(A) Definitions, Scope and Applicability of Rule.

(1) Mediation is a nonbinding process in which a neutral third party facilitates communication between parties to promote communication and settlement. The process is referred to as evaluative mediation if the mediator is asked to submit a written recommendation for settlement of any issues that remain unresolved at the conclusion of a mediation proceeding. Except for subsections (H) and (I), which relate exclusively to evaluative mediation, the use of the term "mediation" includes both processes.

(2) A court may submit to mediation any contested issue in a domestic relations case as defined in the Friend of the Court act (MCL 552.502[g]; MSA 25.176[2][g]), including post-judgment matters.

(3) This rule does not restrict the Friend of the Court from enforcing custody, parenting time, and support orders.

(4) The court may order, on stipulation of the parties, the use of other settlement procedures.

(B) Referral to Mediation. On written stipulation of the parties, on written motion of a party, or on the court's initiative, contested issues in a domestic relations case may be referred to mediation under this rule by written order.

(C) Objections to Referral to Mediation.

(1) To object to mediation, a party must file a written motion to remove the case from mediation and a notice of hearing of the motion, and serve a copy on the attorneys of record within 14 days after receiving notice of the order assigning the action to mediation. The motion must be set for hearing within 14 days after it is filed, unless the hearing is adjourned by agreement of counsel or unless the court orders otherwise.

(2) A timely motion must be heard before the case is submitted to mediation.

(3) Cases may be exempted from mediation on the basis of the following:

(a) child abuse or neglect;

(b) domestic abuse, unless attorneys are present;

(c) inability of one or both parties to negotiate for themselves at the mediation, unless attorneys are present;

(d) reason to believe that one or both parties' health or safety would be endangered by mediation; or

(e) for other good cause shown.

(D) Selection of Mediator.

(1) Domestic relations mediation will be conducted by a mediator selected as provided in this subrule.

(2) Parties may stipulate to the selection of a mediator. A mediator selected by agreement of the parties need not meet the qualifications set forth in subrule (E). The court must appoint a mediator stipulated to by the parties, provided the mediator is willing to serve within a period that would not interfere with the court's scheduling of the case for trial.

(3) If the parties have not stipulated to a mediator, the parties must indicate a preference of mediation processes: mediation or evaluative mediation. If the parties have not stipulated to a mediator, the judge may recommend, but not appoint one. If the court's recommendation is not accepted by both parties, a mediator will be selected from a list of qualified mediators maintained by the ADR clerk. From the list of qualified mediators the ADR clerk shall, on a random or rotational basis, assign a mediator to the case offering the process selected by the parties. The ADR clerk shall at least annually update the list of qualified mediators and make available the approved list of mediators to the public. The parties shall advise the mediator before the commencement of the mediation

their preference regarding mediation or evaluative mediation. If the parties do not agree on the type of mediation process, the mediator will select the type of mediation.

(E) Lists of Mediators.

(1) A person eligible to serve as a mediator may apply to the ADR clerk to be placed on the list of mediators. Application forms shall be available in the office of the ADR clerk. A mediator shall designate on the form the ADR process(es) offered: mediation, and/or evaluative mediation. The form shall include an optional section identifying the applicant's gender and racial/ethnic background; however, this section shall not be made available to the public. The form shall include a certification that the mediator meets the requirements for service under this court rule.

(2) To be eligible to serve as a domestic relations mediator under this court rule, a person must meet the qualifications provided by this subrule.

(a) The applicant must have a juris doctor degree or be a licensed attorney; be a licensed or limited licensed psychologist; be a licensed professional counselor; have a masters degree in counseling, social work, or marriage and family counseling; have a graduate degree in a behavioral science; or have 5 years experience in family counseling.

(b) The applicant must demonstrate completion of the minimum training program approved by the State Court Administrator that contains the following components, of which at least 30 percent involve the practice of mediation skills, including:

(i) experience of divorce for adults and children;

(ii) family law and family economics;

(iii) mediation, negotiation, and conflict management theory and skills;

(iv) information-gathering skills and knowledge;

(v) relationship skills and knowledge;

(vi) communication skills and knowledge;

(vii) problem-solving skills and knowledge;

(viii) ethical decision making and values skills and knowledge;

(ix) professional skills and knowledge; and

(x) domestic violence.

(3) Approved mediators are required to obtain 8 hours of advanced mediation training during each 2-year period.

(F) Review of Applications.

(1) The ADR clerk shall review applications at least annually, or more frequently, if appropriate, and compile a list of qualified mediators. Persons meeting the qualifications specified in this rule shall be placed on the list of approved mediators. Selections shall be made without regard to race, ethnic origin, or gender. Applications of approved mediators shall be available to the public in the office of the ADR clerk.

(2) Applicants who are not placed on the mediator list shall be notified of that decision and the reasons for it. Within 21 days of notification of the decision to reject an application, the applicant may seek reconsideration of the ADR clerk's decision by the presiding judge of the family division. The court does not need to provide a hearing. Documents considered in the initial review process shall be retained for at least the period

during which the applicant can seek reconsideration of the original decision.

(3) The ADR clerk shall remove from the list any mediators who have made themselves consistently unavailable to serve as a mediator, or for other just cause. Applicants who are not placed on the mediator list shall be notified of that decision. Within 21 days of notification of the decision to remove a mediator from the list, the mediator may seek reconsideration of the ADR clerk's decision by the presiding judge of the family division. The court does not need to provide a hearing.

(G) Mediation Procedure.

(1) A letter may be sent from the presiding judge of the family division to the parties, explaining mediation in the family division and enclosing a copy of the list of court-approved mediators.

(2) A matter may be ordered to mediation as soon as reasonably practical. The mediator must schedule a mediation session within a reasonable time at a location accessible by the parties.

(3) A mediator may require that no later than 3 business days before the mediation session, each party submit to the mediator, and serve on opposing counsel, a mediation summary that provides the following information where relevant:

(a) the facts and circumstances of the case;

(b) the issues in dispute;

(c) a description of the marital assets and their estimated value, where such information is appropriate and reasonably ascertainable;

(d) the income and expenses of the parties (if relevant);

(e) a proposed settlement; and

(f) such documentary evidence as may be available to substantiate information contained in the summary.

Failure to submit these materials to the mediator within the designated time may subject the offending party to sanctions imposed by the court.

(4) The parties must attend the mediation session in person.

(5) Except for legal counsel, the parties may not bring other persons to the mediation session, whether expert or lay witnesses, unless permission is first obtained from the mediator, after notice to opposing counsel. If the mediator believes it would be helpful to the settlement of the case, the mediator may request information or assistance from third persons at the time of the mediation session.

(6) The mediator shall discuss with the parties and counsel, if any, the facts and issues involved. The mediation will continue until a settlement is reached, the mediator determines that a settlement is not likely to be reached, or the parties agree to resume mediation at a subsequent date.

(7) Statements made during the ADR process, including statements made in briefs or other written submissions, may not be used in any other proceedings, including trial, unless the statement was quoting admissible evidence.

(8) If a settlement is reached as a result of the mediation, to be binding, the terms of that settlement must be reduced to a signed writing by the parties or acknowledged by the parties on an audio or video record-

ing. After a settlement has been reached, the parties shall take steps necessary to enter judgment as in the case of other settlements.

(9) In the evaluative mediation process, if a settlement is not reached during mediation, the mediator, within a reasonable period after the conclusion of mediation, at the request of either party, shall prepare a written report to the parties setting forth the mediator's proposed recommendation for settlement purposes only. The mediator's recommendation shall be submitted to the parties of record only and may not be submitted or made available to the court.

(H) Acceptance or Rejection of Mediator's Report and Recommendation.

(1) In the evaluative mediation process, if both parties accept the mediator's recommendation in full, the attorneys shall proceed to have a judgment entered in conformity with the recommendation.

(2) If the mediator's recommendation is not accepted in full by both parties and the parties are unable to reach an agreement as to the remaining contested issues, the case shall proceed to trial.

(3) There will be no sanctions against either party for rejecting the mediator's recommendation. The court may not inquire and neither the parties nor the mediator may inform the court of the identity of the party or parties who rejected the mediator's recommendation.

(I) Court Consideration of Mediation Report and Recommendation.

The mediator's report and recommendation may not be read by the court and may not be admitted into evidence or relied upon by the court as evidence of any of the information contained in it without the consent of both parties. The court shall not request the parties' consent to read the mediator's recommendation.

(J) Fees.

(1) A mediator is entitled to reasonable compensation based on an hourly rate commensurate with the mediator's experience and usual charges for services performed.

(2) Before mediation, the parties shall agree in writing to pay the mediator's fee no later than:

(a) 45 days after the mediation process is concluded or the service of the mediator's report and recommendation under subrule (G)(9), or

(b) the entry of judgment, or

(c) the dismissal of the action, whichever occurs first. If the court finds that some other allocation of fees is appropriate, given the economic circumstances of the parties, the court may order that one of the parties pay more than one-half of the fee.

(3) If acceptable to the mediator, the court may order an arrangement for the payment of the mediator's fee other than that provided in subrule (J)(2).

(4) The mediator's fee is deemed a cost of the action, and the court may make an appropriate judgment under MCL 552.13(1); MSA 25.93(1) to enforce the payment of the fee.

(5) In the event either party objects to the total fee of the mediator, the matter may be scheduled before the trial judge for determination of the reasonableness of the fee.

SUBCHAPTER 5.400. [PROBATE COURT] PRETRIAL PROCEDURES.

RULE 5.403. MEDIATION.

The court may submit to mediation, <u>case evaluation, or other alternative dispute resolution process</u> one or more requests for relief in any contested proceeding. ~~Procedures of MCR 2.403 shall apply to the extent feasible, except~~ <u>In case evaluations conducted pursuant to MCR 2.403</u>, sanctions must not be awarded unless the subject matter of the ~~mediation~~ <u>case evaluation</u> involves money damages or division of property.

*Staff Comment*: The Michigan Supreme Court convened the Michigan Supreme Court Dispute Resolution Task Force in early 1998 to provide recommendations for new and amended court rules, guidelines, standards, and proposed statutory amendments that would facilitate the integration of dispute resolution processes in the trial courts. The task force conveyed its report to the Michigan Supreme Court in January, 1999. Copies of the task force's report may be obtained from the State Court Administrative Office, P. O. Box 30048, Lansing, MI 48909. In this order, the Supreme Court is addressing *only* the rule changes proposed by the task force.

The staff comment is published only for the benefit of the bench and bar and is not an authoritative construction by the Court.

A copy of this order will be given to the secretary of the State Bar and to the State Court Administrator so that they can make the notifications specified in MCR 1.201. Comments on this proposal may be sent to the Supreme Court Clerk within 60 days after it is published in the *Michigan Bar Journal.* When submitting a comment, please refer to our file number 99-02.

*Order Entered May 18, 1999:*

PROPOSED AMENDMENTS OF MCR 6.610 and 7.103. On order of the Court, this is to advise that the Court is considering amendments of Rules 6.610 and 7.103 of the Michigan Court Rules. Before determining whether the proposals should be adopted, changed before adoption, or rejected, this notice is given to afford any interested person the opportunity to comment on the form or the merits of the proposals. We welcome the views of all who wish to address the proposals or who wish to suggest alternatives.

As whenever this Court publishes an administrative proposal for comment, we emphasize that publication of these proposals does not mean

that the Court will issue an order on the subject, nor does it imply probable adoption of the proposals in their present form.

[The present language would be amended as indicated below:]

RULE 6.610. CRIMINAL PROCEDURE GENERALLY.

(A)-(D) [Unchanged.]

(E) Pleas of Guilty and No Contest. Before accepting a plea of guilty or no contest the court shall in all cases comply with this rule.

(1)-(6) [Unchanged.]

(7) The following provisions apply where a defendant seeks to challenge the plea.

(a) A defendant may not challenge a plea on appeal unless the defendant moved in the trial court to withdraw the plea for noncompliance with these rules. Such a motion may be made either before or after sentence has been imposed. After imposition of sentence, the defendant may file a motion to withdraw the plea within the time for filing an application for leave to appeal under MCR 7.103(B)(6). After the time for filing an application for leave, the defendant may seek relief in accordance with the procedure set forth in subchapter 6.500.

(b)-(c) [Unchanged.]

(8) [Unchanged.]

(F)-(G) [Unchanged.]

RULE 7.103. APPLICATION FOR LEAVE TO APPEAL.

(A) [Unchanged.]

(B) Procedure.

(1)-(5) [Unchanged.]

(6) An application under subrule (A)(2) or an application that is not timely under subrule (B)(1), must be accompanied by an affidavit explaining the delay. The circuit court may consider the length of and the reasons for the delay in deciding whether to grant the application. Delayed applications may not be filed more that 12 months after entry of the order or judgment on the merits.

(C) [Unchanged.]

*Staff Comment*: The proposed amendment of MCR 6.610(E)(7) would establish time limits for seeking to withdraw pleas in district court criminal cases, comparable to those in circuit court cases. See MCR 6.311. The proposed amendment of MCR 7.103(B)(6) would place a 12-month time limit on applications for leave to appeal to the circuit court, corresponding to the similar limit applicable in appeals to the Court of Appeals. See MCR 7.205(F)(3). The proposals were published in conjunction with the decision in *People v Ward*, 459 Mich 602.

The staff comment is published only for the benefit of the bench and bar and is not an authoritative construction by the Court.

> Publication of this proposal does not mean that the Court
> will issue an order on the subject, nor does it imply prob-
> able adoption in its present form. Timely comments will
> be substantively considered and your assistance is appre-
> ciated by the Court.

A copy of this order will be given to the secretary of the State Bar and to the State Court Administrator so that they can make the notifications specified in MCR 1.201. Comments on this proposal may be sent to the Supreme Court Clerk within 60 days after it is published in the *Michigan Bar Journal*. When filing a comment, please refer to our file number. 99-33.